IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SANDRA BARKER and PENELOPE GARCIA, on behalf of themselves and all other plaintiffs similarly situated known and unknown, | ) ) ) ) ) | Case No.: |
| Plaintiffs, | ) ) | |
| v. | ) ) | Judge: |
| SEPTRAN, INC. | ) ) | Magistrate Judge: |
| Defendant. | ) ) | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs SANDRA BARKER and PENELOPE GARCIA, individually and on behalf of persons similarly situated, state as follows as their Collective Action Complaint against SEPTRAN, INC. ("Septran").

### Nature of the Action

1. Plaintiffs bring this claim for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 et seq, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS § 115/1 et seq., for Defendant's failure to pay overtime wages to Plaintiffs and other similarly situated employees for all time worked in excess of forty (40) hours in individual work weeks and for unlawful refusal to pay vacation time accrued at the time of employees' separation. Defendant's unlawful compensation practices have had the effect of denying Plaintiffs and other similarly situated employees their lawfully earned and living wages. Plaintiffs bring their FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) and their state law claims pursuant to F.R.C.P. 23.

1

**Parties**

2. Plaintiffs are all citizens of Illinois who are current or former employees of Defendant who were administrative employees who work in various "bases" throughout the State of Illinois.

3. Defendant Septran is an Indiana corporation operating a bus company to serve special needs school children in and around the greater Chicagoland area.

4. Defendant Septran is in the business of providing school bus transportation to special needs children intrastate.

**Jurisdiction and Venue**

5. Venue is proper in this Judicial District as a substantial part of the events arising out of this case arose in this Judicial District. Many of the relevant bases are located in this Judicial District.

6. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

**Factual Allegations**

7. Plaintiffs were employed under various titles by Defendant and held the titles of "Dispatchers," "Payroll personnel," "Routers," "Recruiters" and "Safety Personnel" (collectively, "Administrative Personnel"). All were paid on an hourly bases and worked over 40 hours in any given week but were not allowed to record their actual hours worked on their timesheets or did record the actual hours worked and were not paid for any hours worked over forty. Administrative Personnel work at the various office (or base) locations for Defendant Septran and provide administrative support to Defendant by dispatching the school bus drivers, providing payroll services for the school bus drivers, recruiting school bus drivers and other administrative activities.

8. Defendant has a policy of denying its Administrative Personnel compensation for many hours they worked over forty. Defendant has a policy that requires its Administrative Personnel to keep an accurate accounting of their hours worked, but if an Administrative Personnel turns in a timesheet showing more than forty hours, the timesheet is often handed back to the employee, and the employee is told to "fix" the timesheet. The employees understand that when they are told to "fix" their timesheets, they are to amend them to untruthfully report that they worked no more than forty hours in a week.

9. Administrative Personnel, who are paid on an hourly basis, are not only not paid at a rate of one and one half of their hourly rate for hours they work in a week over forty, they are not compensated at all for the overtime worked.

10. Historically, and during periods of time within the past 3 years and beyond, Defendant maintains a policy of denying any accrued vacation time to employees terminated "for cause" (as that term is defined in Defendant Septran's Employee Handbook) and of pro-rating accrued but unused vacation time for employees who are terminated not "for cause" or who resign.

11. Plaintiff Sandra Barker routinely worked more than forty hours in a week. For example, for the week May 31, 2015 through June 5, 2015, Ms. Barker worked 43 hours during the week but was only compensated for forty at her regular rate of pay. On information and belief, other Administrative Personnel submit "fixed" timesheets indicating that they only worked forty hours when they actually worked more, with the full knowledge of Septran managers, or submitted timesheets showing more than forty hours in a week, with the full knowledge of Defendant, and they were not paid for any hours worked over forty.

12. Plaintiff Penelope Garcia routinely worked more than forty hours in a week. Ms. Garcia submitted timesheets accurately reflecting the hours she worked, but those timesheets were

3

routinely rejected by Defendant. Ms. Garcia was instructed to "fix" her timesheets to reflect that she only worked forty hours. Ms. Garcia routinely worked from home after hours to complete the work assigned to her, with full knowledge of Defendant and was not compensated for that time.

13. The Defendant has a policy concerning the forfeiture of accrued vacation that states "[a]ll vacation time will be allotted in January of each year. However, vacation benefits will be prorated for the following reasons: [. . . ] if you separate from the company. [. . . .] If you separate from the Company, voluntarily or involuntarily, [. . . ] you will be paid out your balance of vacation time. [. . . .] However, if you are terminated "for cause," or if you separate with less than 2 weeks['] notice, you will forfeit all accrued vacation benefits." (Employee Handbook, pp. 33-35).

14. While the policy claims to pay out the "balance of vacation time," upon information and belief, Defendant only pays out vacation time to separated employees (other than those terminated "for cause" or who give less than 2 weeks' notice) on a prorated basis.

15. Ms. Barker was hired as a "Recruiter," and her responsibility was to find employees to fill vacant positions with Defendant Septran. Because her separation from Defendant was considered by Defendant to be "for cause," Ms. Barker was not paid for any accrued but unused vacation time. Upon information and belief, several other terminated employees did not receive any compensation for the vacation time they accrued but did not use. Similarly, upon information and belief, several other employees who resigned or were terminated for reasons not deemed "for cause" by Defendant forfeited compensation for a portion of their accrued but unused vacation time. The proration is based upon a formula set forth in Septran's Employee Handbook.

16. Plaintiff Penelope Garcia resigned her position with Defendant in or about May 2015. Consistent with its policy, Defendant did not pay Ms. Garcia 100% of her accrued but unused vacation time. Defendant only paid Ms. Garcia approximately 25% of the accrued but unused

4

vacation time upon her separation from Defendant. Upon information and belief, several other employees who resigned forfeited compensation for a portion of their accrued but unused vacation time.

**Class and Collective Allegations**

15. Plaintiffs seek to prosecute their FLSA claims as a collective on behalf of "Administrative Personnel" of Defendant in the State of Illinois within the past three years preceding this lawsuit to the day of trial and elect to opt-in to this action pursuant to 29 U.S.C. § 216(b) and who worked in excess of forty (40) hours during one or more weeks but were not paid lawful wages and overtime compensation for such time. Likewise, Plaintiffs seek to prosecute their IMWL and IWPCA claims pursuant to F.R.C.P. 23.

16. Plaintiffs and other similarly situated current and former employees in the asserted class regularly worked overtime hours, including but not limited to being subject to a practice or policy of Defendant failing to credit all overtime hours worked.

17. Plaintiffs and other similarly situated Administrative Personnel were not exempt from overtime pay.

18. At all times material to this Complaint, Defendant failed to comply with the FLSA and the IMWL in that Plaintiffs and those similarly situated to Plaintiffs performed services for Defendant for which no provision was made by Defendant to pay Plaintiffs and similarly situated persons properly for all overtime hours - that is, all of the hours worked in excess of forty (40) - within a workweek.

19. Plaintiffs and those similarly situated were entitled to an overtime rate of pay equal to time and one-half wages for overtime hours worked.

20. In the course of employment with Defendant, Plaintiffs and other current and former employees similarly situated were not paid their overtime rate of pay for all overtime hours worked.

21. There are estimated to be over 60 current and former employees within the asserted class for this collective action during the material time who are similarly situated to Plaintiffs. With such numbers of similar claims for unpaid overtime compensation, a collective action is a superior procedure for adjudicating such claims. Plaintiffs request that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

22. The records, if any, should be in the custody or control of Defendant concerning the members of the asserted collective, the number of hours actually worked by Plaintiffs and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

23. Plaintiffs will fairly and adequately protect the interests of each Class and have retained counsel that is experienced and competent in class/collective actions and employment litigation. Plaintiffs have no interest that is contrary to, or in conflict with, members of their respective collective.

### COUNT I - OVERTIME DUE UNDER THE FLSA
**(On Behalf of Administrative Personnel)**

24. Paragraphs 1 through 23 are re-alleged as if fully set forth herein.

25. At all relevant times, Defendant employed and/or continued to employ Plaintiffs and each member of the proposed class of Administrative Personnel within the meaning of the FLSA.

26. Defendant has a policy and practice of refusing to pay overtime compensation to its Administrative Personnel for the hours worked in excess of forty (40) hours per week and/or to require Administrative Personnel to falsify timesheets to deny them compensation for all hours worked.

27. Defendant's failure to pay Plaintiffs and similarly situated members of the proposed class of Administrative Personnel overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the forty (40) hour workweek is a violation of the FLSA, in particular, 29 U.S.C. §§ 206 and 207.

28. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

29. Due to Defendant's FLSA violations, Plaintiffs allege on behalf of the members of the proposed class of Administrative Personnel that they have suffered damages and are entitled to recover from Defendant the unpaid overtime compensation, and an additional amount equal as liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

### COUNT II - VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
**(Plaintiffs Barker and Garcia Individually And On Behalf Of All Similarly Situated Employees Pursuant to Fed. R. Civ. Pro. 23)**

30. Plaintiffs hereby reallege and incorporate paragraphs 1 through 29 of this Complaint, as if fully set forth herein.

31. This count arises from Defendant's violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 et seq.

32. Under the IMWL, Defendant was and remains obligated to compensate Plaintiffs and similarly situated employees for all hours worked in excess of forty (40) hours in any individual work week. Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

33. During the 3 years prior to the filing of this Complaint, Plaintiffs and similarly situated employees were regularly permitted, encouraged and/or required to work in excess of forty (40) hours per week but were not compensated for such overtime work.

34. By failing to pay overtime compensation due to Plaintiffs and similarly situated employees, Defendant willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation to be paid to non-exempt employees

35. As a result of Defendant's policy and practice of withholding all overtime compensation due, Plaintiffs and similarly situated employees have been damaged in that they have not received wages due to them pursuant to the IMWL.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

A. Certification of a class of Plaintiffs defined as current and former Administrative Personnel. The relevant time period is for work performed within the past three (3) years preceding this lawsuit to the day of trial;

B. A declaratory judgment that Defendant has violated the overtime provisions of the IMWL as to the Plaintiffs and the Class;

C. A declaratory judgment that Defendant's violations of the IMWL were willful;

D. A judgment to Plaintiffs and the Class in the amount of unpaid overtime;

E. A judgment to Plaintiffs and the Class of punitive damages as provided by IMWL;

F. A judgment to Plaintiffs and the Class of reasonable attorney's fees;

G. Costs incurred in filing this action; and

H. Such other and further relief as this Court deems appropriate and just.

**COUNT III - FAILURE TO PAY WAGES EARNED**
**ILLINOIS WAGE PAYMENT AND COLLECTION ACT**
**(Plaintiffs Barker and Garcia Individually And On Behalf Of All Similarly Situated Employees Pursuant to Fed. R. Civ. Pro. 23)**

36. Plaintiffs hereby reallege and incorporate paragraphs 1 through 35 of this Complaint, as if fully set forth herein.

37. Illinois law provides that:

> Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee. [. . . . W]henever a contract of employment or employment policy provides for paid vacations, and an employee resigns or is terminated without having taken all vacation time earned in accordance with such contract of employment or employment policy, the monetary equivalent of all earned vacation shall be paid to him or her as part of his or her final compensation at his or her final rate of pay and no employment contract or employment policy shall provide for forfeiture of earned vacation time upon separation.

820 ILCS §115/5.

38. Defendant has a policy and adhere to said policy of not paying Plaintiffs and members of the Class all of their vacation earned but unused.

39. According to Defendant's written policy and, upon information and belief, in practice, Defendant pays their separated employees who are not terminated for cause or who give at least 2 weeks' notice prorated vacation benefits pay, and any employee deemed terminated "for cause" or who fails to give at least 2 weeks' notice of their resignation "forfeit all accrued vacation benefits." (Employee Handbook, p. 35). Further, Defendant pro-rates the vacation time paid for all separated employees who were either terminated (but not "for cause") or who give at least 2 weeks' notice of their resignation based on a formula depending on when during the year they separate from Defendant. (Employee Handbook, p. 33).

40. The foregoing actions of Defendant constitute violations of Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 et seq. Defendant's actions were willful and not in good faith.

41. Defendant is liable to Plaintiffs and the Class for actual damages, equitable relief, recovery of attorneys' fees and costs, and prejudgment interest as provided by law, pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS § 115 et seq. and the Illinois Code of Civil Procedure 735 ILCS §5/2-801 and §5/2-802.

WHEREFORE, Plaintiffs, individually, and on behalf of all similarly situated Administrative Personnel whom Plaintiffs seek to represent in this action, request the following relief:

A. Certification of a class of Plaintiffs defined as former Administrative Personnel. The relevant time period is for work performed within the past three (3) years preceding this lawsuit to the day of trial;

B. A declaratory judgment that Defendant has violated the IWPCA as to the Plaintiffs and the Class;

C. A declaratory judgment that Defendant's violations of the IWPCA were willful;

D. A judgment to Plaintiffs and the Class in the amount of unpaid vacation time;

E. Statutory interest and other penalties as provided by the IWPCA;

F. A judgment to Plaintiffs and the Class of reasonable attorney's fees;

G. Costs incurred in filing this action; and

H. Such other and further relief as this Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint, including the FLSA overtime claim.

Dated: October 20, 2015

        Respectfully submitted,

        By:/s/ David J. Fish
        One of Plaintiffs' Attorneys

David Fish
Sarmistha Banerjee
Kimberly Hilton
The Fish Law Firm, P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL 60565
(630) 355-7590
dfish@fishlawfirm.com
buri@fishlawfirm.com
khilton@fishlawfirm.com