# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SANDRA BARKER and PENELOPE GARCIA, on behalf of themselves and all other plaintiffs similarly situated known and unknown | |
| Plaintiffs, | Case No.: 15-cv-09270 |
| v. | Judge: Edmond E. Chang |
| SEPTRAN, INC., | Magistrate Judge: Jeffrey Cole |
| Defendant. | |

## CLASS ACTION AND COLLECTIVE SETTLEMENT AGREEMENT

### TABLE OF CONTENTS

Page

I.      GENERAL TERMS ................................................................................. 6

II.     DEFINITIONS ....................................................................................... 8

III.    SETTLEMENT APPROVAL PROCEDURE ........................................... 11

IV.     DUTIES OF THE PARTIES PRIOR TO PRELIMINARY APPROVAL ................. 11

V.      NOTICES PROCEDURE ........................................................................ 12

VI.     ATTORNEYS' FEES AND EXPENSES ..................................................... 15

VII.    RELEASE BY THE SETTLEMENT CLASS ............................................. 16

VIII.   NO ADMISSION OF LIABILITY ............................................................ 17

IX.     DUTIES OF THE PARTIES RELATED TO FINAL COURT APPROVAL ........... 18

**X.**      PARTIES' AUTHORITY ........................................................................................ 18

**XI.**      MUTUAL FULL COOPERATION ......................................................................... 18

**XII.**      FAIR, ADEQUATE, AND REASONABLE SETTLEMENT ................................. 19

**XIII.**      VOIDING THE AGREEMENT ............................................................................. 19

**XIV.**      NO PRIOR ASSIGNMENTS ................................................................................ 19

**XV.**      COMMUNICATIONS ........................................................................................... 20

**XVI.**      CONSTRUCTION .................................................................................................. 20

**XVII.**      CAPTIONS AND INTERPRETATIONS ............................................................... 20

**XVIII.**      MODIFICATION .................................................................................................... 20

**XIX.**      INTEGRATION CLAUSE ...................................................................................... 21

**XX.**      BINDING ON ASSIGNS ....................................................................................... 21

**XXI.**      COUNTERPARTS .................................................................................................. 21

**XXII.**      APPLICABLE LAW ............................................................................................... 21

## CLASS ACTION AND COLLECTIVE ACTION SETTLEMENT AGREEMENT

This Class Action and Collective Action Settlement Agreement (hereinafter, the "Class Settlement Agreement" or the "Class and Collective Agreement") is made and entered into this _____ day of August, 2016 by and between Plaintiffs Sandra Barker, Penelope Garcia ("Named Plaintiffs") individually and on behalf of the proposed Rule 23 Class, on the one hand, and Defendant Septran, Inc. ("Defendant"), on the other hand.

**WHEREAS**, each Named Plaintiff and Defendant are each a "Party" and collectively referred to as the "Parties." David Fish and Kimberley Hilton of The Fish Law Firm, P.C. are "Class Counsel" representing the Settlement Class. "Counsel for Defendant" is Kearney W. Kilens of Litchfield Cavo LLP. Class Counsel and Counsel for Defendant are collectively referred to as the "Attorneys."

**WHEREAS**, on October 20, 2015, Class Counsel filed this action in the United States District Court for the Northern District of Illinois against Defendant on behalf of the Named Plaintiffs and others similarly situated who were employed by Defendant for alleged violations the Federal Labor Standards Act ("FLSA") and The Illinois Minimum Wage Law ("IMWL") stemming from the Defendant's alleged policy of not compensating for work performed off the clock and not paying hours worked over forty (40) hours per week at the overtime rate (the "FLSA Claim"). The Complaint also alleged violations the Illinois Wage Payment and Collection Act ("IWPCA") based on Defendant's alleged policy of forfeiting its employees' earned and accrued vacation time (the "IWPCA Claim").

**WHEREAS**, Defendant answered the Complaint on December 28, 2015. The parties then engaged in further investigation and preliminary discovery.

**WHEREAS,** on March 24, 2016, Plaintiff filed a Joint Motion and Stipulation For An Order Authorizing Notice Pursuant to 29 U.S.C. § 216(b). Therein, the Parties stipulated to

3

conditional certification of an FLSA collective and notice to be mailed to the putative FLSA collective action members. The Parties also identified former employees who were potential members of the Class who were affected by Defendant's vacation policy. On March 25, 2015, the Court granted Plaintiffs' Joint Motion and conditionally certified a collective under 29 U.S.C. § 216(b) of "Defendant's hourly-rate employees who worked at the Defendant's Naperville, Illinois location at any time between 10/20/2012 and 10/20/2015."

**WHEREAS**, in April, 2015, Notice went out to all members of the FLSA collective action by U.S. mail. Subsequently, four consents to join the collective action were filed. Those four consents to join are in addition to the two Named Plaintiffs (collectively "FLSA Opt-In Plaintiffs," as defined herein). A list of the six total FLSA Opt-In Plaintiffs is attached hereto as Exhibit A.

**WHEREAS,** a list of the IWPCA Class Members who allegedly were adversely affected by Defendant's vacation policy is attached hereto as Exhibit B.

**WHEREAS**, in light of the discovery conducted to date, the time and expense associated with future discovery, and the challenges and risks associated with a trial of this matter, the Parties elected to engage in settlement discussions. Specifically, the case was referred to United States Magistrate Judge Jeffery Cole to conduct a settlement conference. Due to Judge Cole's unavailability, the settlement conference was conducted before Magistrate Judge Andrew Rodovich. In connection with this settlement conference, Counsel for the Parties exchanged information and data, and engaged in good faith negotiations on August 4, 2016, presided over by Judge Rodovich.

**WHEREAS,** the parties have worked to narrow the issues, identify areas of agreement, and make additional concessions when appropriate, all of which was overseen by Magistrate

Judge Rodovich. With Magistrate Judge Rodovich's assistance, the Parties reached an agreement to settle all material aspects of the Class Action and Collective Litigation, subject to the Court's preliminary and final approval under Rule 23 of the Federal Rules of Civil Procedure and its approval under the FLSA.

**WHEREAS**, the Parties reached an equitable settlement after substantial discovery and motion practice, and after arm's-length negotiations assisted by a United States Magistrate Judge. The Parties and the Attorneys believe that this Settlement Agreement provides a fair and reasonable resolution for the Parties.

**WHEREAS**, Defendant denies any liability or wrongdoing of any kind whatsoever associated with the claims alleged in Plaintiffs' complaint. Specifically, Defendant denies that its pay practices and vacation policies failed to comply with the FLSA, the IMWL, the IWPCA, or any other federal or state law.

**WHEREAS**, Class Counsel, based on their investigation and evaluation, are of the opinion that the Settlement is fair, reasonable, and adequate, and in the best interest of the Class in light of all known facts and circumstances, risks, delays and uncertainties of continued litigation, the defenses asserted by Defendant, the inherent risk of denial of class certification, and the risk and uncertainties inherent in a trial on the merits.

**WHEREAS**, Defendant and its counsel also wish to avoid the expense, burden, diversion and risk of protracted litigation and wish to resolve this matter.

**WHEREAS**, Defendant represents that the payroll data and computations that they have provided and which are relied upon for the computations in this Agreement are accurate to the best of its knowledge.

**WHEREAS**, should the Settlement Agreement not become final for any reason, nothing from the settlement process, including documents created or obtained from the settlement process and settlement administration, shall be admissible evidence in this action or used in any way contrary to Defendant's or Plaintiffs' and Class Members' interests.  Whether or not the Settlement Agreement is finally approved, neither the Settlement Agreement nor any document, statement, proceeding, or conduct related to this Agreement, nor any reports or accounts thereof, shall in any event be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to any party.  However, nothing in this paragraph shall preclude the offer, admission or use of relevant information, testimony or evidence properly and independently obtained through discovery in the ordinary course of litigation.

**NOW, THEREFORE**, in consideration of the foregoing premises and the mutual promises hereinafter set forth which are deemed material terms of this Agreement, the Parties agree as follows:

I.     <u>**GENERAL TERMS**</u>

1.     Defendant shall pay the following amounts of money within 28 days of the Court's final approval of the settlement:

> a.     Seventy-Seven Thousand, One-Hundred Twenty-Two Dollars and Twenty-Six Cents ($77,122.26) to the six FLSA Opt-In Plaintiffs. Each FLSA Opt-In Plaintiff's share of the $77,122.26 is reflected on Exhibit A.  If an FLSA Opt-In Plaintiff does not sign a release of her wage claims, she will not be eligible for payment under subpart a. of this Paragraph;

> b.     Twenty-Seven Thousand, Eight-Hundred and Seventy-Seven Dollars and Seventy-Four Cents ($27,877.74) to the IWPCA Class Members, which represents one-hundred percent of the value of accrued vacation time plus interest.  Each IWPCA Class Member's anticipated payment is reflected on Exhibit B; and

> c.     $45,000 in attorneys' fees and costs to Class Counsel, as approved by the Court.  Defendant will not object to Class Counsel's petition

for fees and costs in an amount up to $45,000.00 and will not ask any other person to object.

2.      Fifty percent (50%) of each FLSA Opt-In Plaintiff's Settlement Payment shall be allocated as wages, and the remaining fifty percent (50%) of each Settlement Payment shall be allocated as penalties, interest and other non-wage recovery.  Defendant shall pay the employer's portion of State and Federal payroll taxes for the FLSA Opt-In Plaintiffs. Appropriate withholding of federal, state, and local income taxes, and the FLSA Opt-In Plaintiffs' share of Federal Insurance Contributions Act (FICA) taxes shall be deducted from the respective payroll checks and reported.

3.      100% of the IWPCA claims shall be allocated as wages, and the Defendant shall pay the employer's portion of State and Federal payroll taxes therefore.  Appropriate withholding of federal, state, and local income taxes, and the FLSA Opt-In Plaintiffs' share of Federal Insurance Contributions Act ("FICA") taxes shall be deducted from the respective checks and reported.

4.      Prior to obtaining final approval, class counsel and the FLSA Opt-In plaintiffs will provide Defendant with executed IRS W-9 Forms.

5.      Class Counsel will receive a Form 1099 for the payment of fees and costs.

6.      The Parties agree to stay the litigation until such time as the Court renders the Final Judgment or until there is a breach of this Agreement.

7.      The Parties agree to cooperate to effectuate the terms of this Agreement, to take all steps necessary and appropriate to obtain preliminary approval and final approval of this Settlement Agreement, and to dismiss the Class Action Litigation with prejudice upon final approval.

II.        **DEFINITIONS**

1.        "Exclusion and Objection Deadline" means the date that is twenty-eight (28) calendar days after the mailing date of the Class Notice, and shall be the last date by which any one of the following actions must occur in order for such action to be timely and effective:  (a) a Class Member who wishes to be excluded from the Settlement Class must submit a Request for Exclusion in the manner specified in Section V; and (b) a Class Member who wishes to object to the Settlement must file with the Court a timely written objection to the Settlement, as such deadline for objecting may be set by the Court.

2.        "Class Counsel" refers to counsel of record for Plaintiffs.

3.        "Class Members" refers to all persons who are identified as IWPCA Class Members on Exhibit B, as defined herein.

4.        "Class Notice - IWPCA Class Members" refers to the document titled "Notice of Class Action Settlement and Proposed Hearing Date to IWPCA Class Members" to be sent to the IWPCA Class Members to inform them of the terms of this Settlement Agreement and their rights and options related thereto, which is attached hereto as Exhibit C-2.

5.        "Class Period" for the IWPCA Class Members means the time period starting January 1, 2014, the enactment date of the policy at issue, through the date of filing of the Complaint in this case; and for the FLSA Opt-In Plaintiffs, means the time period starting three years before each individual filed her consent to join the litigation through the Preliminary Approval Date.

6.        "Class Representatives" and "Named Plaintiffs" means Plaintiffs Sandra Barker and Penelope Garcia.

7.      "Court" refers to the United States District Court for the Northern District of Illinois, Eastern Division.

8.      "Defendant" refers to Defendant Septran, Inc.

9.      "Final Approval Hearing" means the hearing at which the Court will finally approve the Settlement and make such other final rulings as are contemplated by this Settlement Agreement.

10.      "Final Judgment" means the order entered by the Court at the Final Approval Hearing.  The Parties shall submit a Proposed Order of Preliminary Approval, substantially in the form attached as Exhibit D, setting forth the terms of this Settlement Agreement, by incorporation or otherwise, for execution and entry by the Court at the time of the Preliminary Approval Hearing or at such other time as the Court deems appropriate.

11.      "FLSA Collective" means the class of persons certified by the Court as conditionally permitted to join the collective action under the FLSA, as further defined herein.

12.      "FLSA Opt-In Plaintiffs" (each an "FLSA Opt-In Plaintiff") is defined as all individuals who submitted consents to join the collective action, and are identified in Exhibit A, hereto, which identifies each and every FLSA Opt-In Plaintiff which shall control to identify such persons.

13.      "Notice Period" refers to the 28-day period during which IWPCA Class Members may exclude themselves from the settlement or object to the settlement, according to the terms of the Settlement Agreement, and ends coinciding with the Claim Deadline.

14.     "Order of Preliminary Approval" means the Order of the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure granting preliminary approval of this Settlement Agreement, attached as Exhibit D, or as may be modified by subsequent mutual agreement of the Parties in writing and approved by the Court.

15.     "Opt-Out" is a IWPCA Class Member who has timely filed a Request for Exclusion using the process specified in the Agreement.

16.     "Parties" refers to the Plaintiffs and Defendant, and in the singular refers to either Plaintiffs or Defendant, as the context makes apparent.

17.      "Preliminary Approval Date" is the date on which the Court issues the Order of Preliminary Approval.

18.     "Released Parties" means the same as "Defendant" and its present and former parent companies, subsidiaries, affiliated entities, shareholders, officers, directors, employees, agents, attorneys, insurers, successors and assigns.

19.     "Request for Exclusion" means a request that a IWPCA Class Member timely and properly submits to Class Counsel, pursuant to the terms of the Settlement Agreement, to be excluded from the Settlement.

20.      "Settlement Agreement" or "Settlement" refers to this Agreement.

21.      "Settlement Class" means all Class Members except those IWPCA Class Members who submit a valid Request for Exclusion and except those FLSA Opt-In Plaintiffs who refuse to sign a release.

22.      "Settlement Payment" means a payment to a Settlement Class Member, pursuant to the terms of this Agreement.

23.       "IWPCA Class Members" (each a "IWPCA Class Member") or the "IWPCA"

refers to the Plaintiffs and all Class Members who are not FLSA Opt-In Plaintiffs in the

litigation, except that the Plaintiffs are part of the IWPCA Class even though they are

also FLSA Opt-In Plaintiffs.  The IWPCA Class Members are identified in Exhibit B

hereto, which identifies each and every member of the IWPCA Class.

## III.        SETTLEMENT APPROVAL PROCEDURE

1.       This Agreement will become final and effective only upon the occurrence of all of

the following events:  (a) the Agreement is executed by the Named Plaintiffs, and

Defendant; (b) the Court preliminarily approves the material terms of the Settlement as

set forth in this Agreement and enters, without material change, the proposed Order of

Preliminary Approval attached as Exhibit D; (c) the Class Notices are sent to the Class

Members; (d) IWPCA Members are afforded the opportunity to exclude themselves from

the Settlement by submission of a Request for Exclusion or to file written objections; and

(e) the Court holds the Fairness Hearing, approves the Settlement, and enters Final

Judgment.

## IV.        DUTIES OF THE PARTIES PRIOR TO PRELIMINARY APPROVAL

1.       As soon as is practicable and without undue delay, the Parties shall submit this

Settlement Agreement to the Court, seeking preliminary approval of the Settlement

Agreement.  Promptly upon execution of this Settlement Agreement by all Parties, the

Parties shall apply to the Court for the entry of an order substantially in the following

form:

a.       Preliminarily approving the Settlement Agreement, subject only to the objections

           of IWPCA Members, modification of the Settlement Agreement if agreed to by

           both parties, and final review by the Court;

b.      Approving as to form and content the Class Notices;

c.      Directing the mailing of the Class Notices by first class mail to Class Members, by Class Counsel; and

d.      Scheduling a final hearing on the question of whether the proposed settlement, including without limitation payment of attorneys' fees, costs, and litigation expenses should be finally approved as fair and reasonable.

2.      Class Counsel will prepare and file the motion for preliminary approval.  The Parties will cooperate and endeavor to file the motion as unopposed.  Defendant will not oppose the motion except to the extent it does not comport with this Agreement.

**V.**      **NOTICE PROCEDURE**

1.      No later than seven (7) calendar days following the Preliminary Approval Date, Defendant shall send to Class Counsel an Excel spreadsheet detailing each Class Member's last known physical address, telephone number and personal e-mail address.

2.      No later than fourteen (14) calendar days following the Preliminary Approval Date, Class Counsel shall send to each Class Member the Class Notice via first class U.S. mail postage prepaid to each Class Member's last known physical address and via e-mail to each Class Member's last known e-mail address, if known, as reflected in Defendant's records.

3.      To receive a Settlement Payment, in the amount set out on Exhibit A, hereto, the FLSA Opt-In Plaintiffs (including the Names Plaintiffs) must sign a General Wage Release, a copy of which is attached as Exhibit E.  If an FLSA Opt-In Plaintiff does not sign a Release, she will not be eligible to receive a payment under Paragraph I.1.a of this Agreement, and that portion of the settlement amount allocated to her will be distributed amongst the FLSA Opt-In Plaintiffs who did sign a Release on a *pro rata* basis.  The

Named Plaintiffs must also sign an affidavit attesting to their return of all Company Property, including payroll data, in the form agreed to by the named Plaintiffs and Defendant.

4.      IWPCA Class Members will receive a Settlement Payment, in the amount set out on Exhibit B, hereto, unless they exclude themselves from the Settlement by returning a timely Request for Exclusion.

5.      For an IWPCA Class Member who wishes to be excluded from the settlement, he or she must write and submit a Request for Exclusion in the form of a letter that states: "I affirm that I was employed by Septran and I request to be excluded from the IWPCA class settlement in *Barker, et al. v. Septran, Inc*. (Case No. 15-cv-09270) (U.S. District Court for the Northern District of Illinois, Eastern Division)." The IWPCA Class Member must also include his or her full name, address, and telephone number, and he or she must personally sign the letter. All Requests for Exclusion must be submitted by the Claim Deadline. No IWPCA Class Member may exclude himself or herself by telephone, fax or e-mail. The date of submission is deemed to be the earlier of: (a) the date the form is deposited in the U.S. Mail, postage pre-paid, as evidenced by the postmark; or (b) the date the form is received by Class Counsel. Any IWPCA Class Member who submits a timely and valid Request for Exclusion Form shall NOT: (i) be bound by any orders or judgments entered in this Class Action Litigation; (ii) be entitled to benefits or relief under this Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to the Settlement or appeal from any order of the Court. Upon receipt of a Request for Exclusion, Class Counsel shall promptly notify and send a copy of the Request for Exclusion to counsel for Defendant.

If a fully completed and properly executed Request for Exclusion is not timely received by Class Counsel from a IWPCA Class Member or FLSA Opt-In Plaintiff refusing to sign a release, then such person will be deemed to have forever waived his or her right to opt out of the Settlement Class.

6.      Only IWPCA Class Members may object to the Settlement Agreement.  To object to the Agreement, such person must send a written objection to Class Counsel, with copies to Defendant's counsel.  The objection must set forth, in clear and concise terms, the legal and factual arguments supporting the objection.

7.      No later than seven (7) calendar days in advance of the Final Approval Hearing, or by such other date as the Court may direct:  (1) Class Counsel shall file and serve a motion for final approval of the Settlement; and (2) the Parties shall file a proposed order granting final approval of the Settlement, along with a proposed judgment that conforms with Fed. R. Civ. P. 58.

8.      No later than twenty eight (28) calendar days following final approval in the District Court, Defendant shall provide Class Counsel with checks representing the Settlement Payment of each IWPCA Class Member and each FLSA Opt-In Plaintiff. Class Counsel will distribute the checks to the IWPCA Class Members and FLSA Opt-In Plaintiffs using their last known address, as provided by Defendant or by other means Class Counsel deems appropriate.  By no later than 180 days after final approval of the Settlement Agreement, Defendant will provide Class Counsel with an accounting of all un-cashed checks by providing a list of all persons who were issued a check but for which the check was not cashed.

9.      If any Settlement Payment is not cashed within 180 days after final approval of the Settlement Agreement, Defendant will send replacement checks to the Illinois Treasurer, Unclaimed Property Division so that the payments are held by the Illinois Treasurer in the name of the individual Plaintiff, Collective or Class Member.  Defendant shall provide Plaintiffs' Counsel with proof of such actions by no later than 195 days after final approval of the Settlement Agreement.

10.      Defendant shall be responsible for deducting and withholding the employee's share of all required income, payroll and other taxes, and for deducting, withholding and remitting all amounts to the appropriate governmental agencies.  The FLSA Opt-In Plaintiffs and Class Members understand, however, that any FLSA Opt-In Plaintiff or Class Member who receives any payment pursuant to this Agreement shall be solely responsible for any and all personal tax obligations associated with such receipt, and each of them is advised to consult with a tax advisor about the tax consequences of the payments received under this Settlement Agreement.

## VI.      ATTORNEYS' FEES AND EXPENSES

1.      Class Counsel will move the Court for an award of attorneys' fees, litigation expenses, and costs of up to $45,000.  Said amount shall be in addition to, not subtracted from, Settlement Payments to Collective and Class Members described herein. Defendant will not oppose this request.

2.      No later than twenty eight (28) calendar days following final approval**,** Defendant shall pay to Class Counsel the attorneys' fees, litigation expenses, and costs that are awarded by the Court.

3.      Plaintiffs and Class Counsel understand and agree that any fee payments made under this Agreement will be the full, final, and complete payment of all attorneys' fees

15

and costs arising from or relating to the representation of the Plaintiffs and Class Members or any other attorneys' fees and costs associated with the investigation, discovery, and/or prosecution of this Litigation; provided, however, that if it becomes necessary to enforce the terms of the settlement or to collect upon it, then Class Counsel shall be entitled to their reasonable attorney fees and costs incurred in doing so. So long as the Defendant timely makes all payments as required herein, then Class Counsel shall be entitled to no future fees other than those set forth herein.

## VII.       RELEASE BY THE SETTLEMENT CLASS

1.       Upon Final Approval, all IWPCA Class Members who do not timely return a Request for Exclusion, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to release and forever discharge all claims specifically raised in the litigation for the payment of vacation pay under the IWPCA ("Released Wage Claims"). IWPCA Class Members may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Wage Claims. However, on Final Approval (and to the extent provided for in this paragraph), IWPCA Class Members shall be deemed to have, and by operation of the Final Judgment fully, finally, and forever settled and released any and all of the Released Wage Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts which are released by this Agreement.

16

2.      Upon Final Approval, all FLSA Opt-In Plaintiffs who signed a Release, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to release and forever discharged those claims that are set forth in the release that they sign.

3.      This release shall become effective upon Final Approval.   The releases herein do not release any rights relating to the enforcement of this Agreement.

## VIII.      NO ADMISSION OF LIABILITY

1.      This Agreement shall not in any way be construed as an admission by Defendant that it has acted wrongfully with respect to the Named Plaintiffs, FLSA Opt-In Plaintiffs or the IWPCA Class Members collectively or individually or to any other person, or that those individuals have any rights whatsoever against Defendant, and Defendant specifically disclaims any liability to or wrongful acts against the Named Plaintiffs, FLSA Opt-In Plaintiffs and IWPCA Class Members or any other person, on the part of Defendant, or their respective predecessors, successors and assigns, current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities, and its current and former officers, directors, shareholders, employees, agents, and representatives.  This Agreement shall not serve or be construed as evidence that any party has prevailed or that Defendant or the Released Parties have engaged in any wrongdoing.

2.      This Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

## IX.  DUTIES OF THE PARTIES RELATED TO FINAL COURT APPROVAL

1.     No later than seven (7) calendar days prior to the date of the Final Approval Hearing, or by such other date as the Court may direct, the Parties shall submit a proposed Final Judgment:

a.     Approving the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

b.     Approving the Settlement Payments;

c.     Approving Class Counsel's application for an award of attorneys' fees and costs;

d.     Dismissing this Lawsuit with prejudice.

2.     Class Counsel will prepare and file the motion for final approval.  The Parties will cooperate and endeavor to file the motion as unopposed.

## X.  PARTIES' AUTHORITY

1.     The signatories hereto hereby represent that they are fully authorized to enter into this Settlement and bind the Parties hereto to its terms and conditions.

## XI.  MUTUAL FULL COOPERATION

1.     The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and taking such other action as reasonably may be necessary to implement the terms of this Settlement.  The Parties to this Settlement shall use reasonable efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement and the terms set forth herein.  As soon as practicable after execution of this Settlement, Class Counsel shall, with the assistance and cooperation of Defendant and its counsel, take all necessary steps to secure the Court's final approval of this Settlement.

2.      Should the Court not approve the Agreement, or should the Court not approve and enter the Preliminary Approval Order (or in a form without any changes by the Court that either of the Parties deems material), the terms of this Agreement will be null and void, the Parties will retain all rights and defenses in the Litigation, and all negotiations and information and materials pertaining in any way to this Agreement or the settlement of the Litigation will be inadmissible.  In such an event, the Parties agree in good faith to negotiate about appropriate revisions and will re-submit for the Court's approval if an agreement can be reached.  In the event this settlement is never approved by the Court, the Parties will retain all rights and defenses in the Litigation, and all negotiations and information and materials pertaining in any way to this Litigation or the settlement of the Litigation will be inadmissible.

**XII.      FAIR, ADEQUATE, AND REASONABLE SETTLEMENT**

1.      The Parties agree that the Settlement Agreement is fair, adequate, and reasonable, and will so represent to the Court.

**XIII.      VOIDING THE AGREEMENT**

1.      If this Settlement Agreement is not ultimately approved by the Court, the Settlement shall be deemed null and void, of no force and effect, of no probative value, and the Parties hereto represent, warrant, and covenant that it will not be used or referred to for any impermissible purpose.

**XIV.      NO PRIOR ASSIGNMENTS**

1.      The Parties represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights released and discharged in this Settlement.

**XV.** **COMMUNICATIONS**

1.      Unless otherwise specifically provided, all notices, demands or other communications given under this Settlement shall be in writing to the Party's counsel of record and shall be deemed received on the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

| **If to Class Counsel:** | **If to Defendant:** |
|---|---|
| David J. Fish | Kearney Kilens |
| Kimberly Hilton | Litchfield Cavo LLP |
| The Fish Law Firm, P.C. | 303 West Madison |
| 200 East 5th Avenue, Suite 123 | Suite 300 |
| Naperville, Illinois 60563 | Chicago, Illinois 60606 |

**XVI.** **CONSTRUCTION**

1.      The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties, and that the Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his/her or its counsel participated in the drafting of this Settlement.

**XVII.** **CAPTIONS AND INTERPRETATIONS**

1.      Paragraph titles or captions contained in this Settlement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any of its provisions.

**XVIII.** **MODIFICATION**

1.      This Settlement Agreement may not be changed, altered, or modified, except in writing and signed by the Parties and approved by the Court.  This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties and approved by the Court.

XIX.     **INTEGRATION CLAUSE**

1.      This Settlement Agreement contains the entire agreement between the Parties relating to the settlement of the Litigation, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged in this Settlement with the express exception of the additional General Settlement Agreement and Release that the Named Plaintiffs have agreed to sign.  No rights under this Settlement may be waived except in writing.

XX.     **BINDING ON ASSIGNS**

1.      This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, predecessors, parent companies, successors, assigns, guardians, conservators, and court-appointed representatives.

XXI.     **COUNTERPARTS**

1.      This Settlement Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement.  A copy, facsimile or digital image of this executed Agreement or a counterpart shall be binding and admissible as an original.

XXII.     **APPLICABLE LAW**

1.      This Settlement Agreement shall be governed by and construed in accordance with Illinois law.

**PLAINTIFFS**

**PLAINTIFFS**

Sandra Barker

_____

Penelope Garcia


**DEFENDANT:**


_____

Septran, Inc.

By:_____

22

**BINDING ON ASSIGNS**

      This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, predecessors, parent companies, successors, assigns, guardians, conservators, and court-appointed representatives.

**COUNTERPARTS**

      This Settlement Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement.  A copy, facsimile or digital image of this executed Agreement or a counterpart shall be binding and admissible as an original.

**APPLICABLE LAW**

      This Settlement Agreement shall be governed by and construed in accordance with Illinois law.

**PLAINTIFFS**

_____.

Sandra Barker

_Penelope garcia_
_____
Penelope Garcia


**DEFENDANT:**


_____
Septran, Inc.

20

Sandra Barker

Penelope Garcia

**DEFENDANT:**

Septran, Inc.

By: _EVP AND General Counsel_

**EXHIBIT A**
**FLSA OPT-IN PLAINTIFFS**

| Name | Settlement Payment |
|------|--------------------|
| Robin Crouther | $22,687.03 |
| Penelope Garcia | $16,687.06 |
| Sandra Barker | $9,687.08 |
| Nichelle Mack | $10,687.03 |
| Tori Sherill | $8,687.03 |
| Catrina Davis | $8,687.03 |
|  |  |
| **Total:** | **$77,122.26** |

# EXHIBIT B
## IWPCA CLASS MEMBERS

| Employee | Vacation Pay | Interest | Total |
|---|---|---|---|
| BARBER, DANIEL | $1,269.12 | $710.71 | $1,979.83 |
| BARKER, SANDRA | $238.68 | $66.83 | $305.51 |
| BARNES, CHARLES | $1,338.54 | $508.65 | $1,847.19 |
| BATISTA, SERGIO | $552.96 | $188.01 | $740.97 |
| CALICCHIO, JOEL | $525.76 | $252.36 | $778.12 |
| DORAN, RUSSELL | $1,880.00 | $564.00 | $2,444.00 |
| ECHELBARGER, BONNIE | $959.00 | $326.06 | $1,285.06 |
| FRANKS, KEVIN | $819.00 | $376.74 | $1,195.74 |
| GALFANO, JOSEPH D | $802.14 | $433.16 | $1,235.30 |
| GEORGE, MATTHEW | $211.20 | $67.58 | $278.78 |
| GOODE, KENNETH | $382.44 | $130.03 | $512.47 |
| GUEVARA, BRIAN | $252.00 | $136.08 | $388.08 |
| HOUCEK, COLLEEN | $25.60 | $13.31 | $38.91 |
| KELLY, TERRENCE | $787.20 | $330.62 | $1,117.82 |
| KMIOTEK, THOMAS A | $288.00 | $155.52 | $443.52 |
| MANNING JR, GARY | $1,462.72 | $468.07 | $1,930.79 |
| MCCRACKEN, ROSS | $1,224.00 | $587.52 | $1,811.52 |
| MCLAUGHLIN, WILLIAM | $1,132.74 | $430.44 | $1,563.18 |
| PERKINS-WHARTON, THERESA | $396.90 | $158.76 | $555.66 |
| RAMAN, RANDY | $1,309.00 | $418.88 | $1,727.88 |
| ROBINSON, LEEVEL | $409.80 | $163.92 | $573.72 |
| SCHUMACHER, JEFFERY | $373.20 | $164.21 | $537.41 |
| ST PIERRE, REBECCA | $17.85 | $4.64 | 22.49 |
| SULLIVAN, KATHLEEN | $2,266.88 | $770.74 | $3,037.62 |
| WARE, EDWARD | $1,059.84 | $466.33 | $1,526.17 |
| **Total** | **$19,984.57** | **$7,893.17** | **$27,877.74** |

**EXHIBIT C**
**CLASS NOTICE - IWPCA CLASS MEMBERS**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SANDRA BARKER and<br>PENELOPE GARCIA, on behalf of<br>themselves and all other plaintiffs similarly<br>situated known and unknown,<br><br>               Plaintiffs,<br><br>SEPTRAN, INC.,<br><br>               Defendant. | Case No.:  15-cv-09270<br><br>Judge: Edmond E. Chang<br><br>Magistrate Judge: Jeffrey Cole |

**NOTICE TO IWPCA CLASS MEMBERS OF PENDENCY OF CLASS ACTION,**
**PROPOSED SETTLEMENT, AND FAIRNESS HEARING**

**TO:**   All persons formerly employed by Defendant Septran, Inc. in Illinois who forfeited accrued vacation time between 2014 and 2015 upon their separation of employment.

> **Please Read This Notice Carefully. This Notice Relates to a Proposed Class Action Settlement of Litigation. If You Are a Settlement Class member, It Contains Important Information as to Your Rights.**

**What is this Notice about?**

This Notice is to tell you about the class settlement of a lawsuit that was filed against Septran, Inc. (hereafter "Defendant") and to tell you about a "Fairness Hearing" before Judge Edmond E. Chang on _____, 2016 at _____ __.m. in Courtroom 2119 of the United States District Courthouse, located at 219 South Dearborn Avenue, Chicago, Illinois 60604, to determine whether the proposed settlement described in the Class Action Settlement Agreement fairly resolves the claims against Defendant as explained below.

This Notice **is not** a notice of a lawsuit <u>against</u> you.  A Federal Court has authorized this Notice.

**What is the Litigation about?**

On October 20, 2015, Plaintiffs Sandra Barker and Penelope Garcia, filed this lawsuit in the United States District Court for the Northern District of Illinois against Defendant on behalf of

25

themselves and others similarly situated who were employed by Defendant. The Complaint alleged, among other things, violations of the Illinois Wage Payment and Collections Act ("IWPCA"), based on Defendant's alleged policy of forfeiting employee's accrued vacation time. The Plaintiffs claimed that regardless of why an employee's employment ended, the employee should have been paid for all of his or her accrued vacation time.

**Why did I get this Notice?**

You received this Notice because the lawyers for the Plaintiffs and Defendant identified you as a person in the Settlement Class who may not have been paid all of your earned vacation at the time your employment ended.

**What is the "Settlement" and how was it agreed upon?**

The Settlement is a compromise of Plaintiffs' claims in the litigation and is not to be construed as an admission of liability on the part of Defendant. The Court has granted preliminary approval of the Settlement, and the Plaintiffs and Defendant are now seeking final Court approval, which is required for the Settlement to become effective. The Settlement includes a procedure for eligible persons to receive their share of the Class Settlement Fund. Plaintiffs believe that the claims asserted in the litigation have merit. Defendant does not believe that the claims asserted in the litigation have merit. There has been no determination by any court, administrative agency, or other tribunal as to the truth or validity of the factual allegations made against Defendant in this litigation.

Substantial amounts of time, energy, and other resources have been devoted by Plaintiffs and Defendant in prosecuting and in defending the litigation. Unless there is a settlement, that litigation will continue. In settlement negotiations, the Plaintiffs and Defendant have taken into account the uncertainty of the outcome and the risk of litigation. In light of these factors, the Plaintiffs and Defendant believe that the Settlement is the best way to resolve the litigation while minimizing further expenditures. The Plaintiffs and Defendant and their counsel believe that the Settlement is fair, reasonable, and adequate, and in the best interests of all parties, including the settlement class.

**What are the terms of the Settlement?**

Defendant has agreed to pay a settlement amount of approximately $150,000 to resolve all claims in this lawsuit as described in the Settlement Agreement. Please note, however, that only $27,877.74 of the settlement is being paid as part of the Class Action; the remaining portion amount is allocated to pay for overtimes claims of certain employees (the overtime claims represent $77,122.26 of the settlement amount) and for lawyer fees (representing $45,000 from the settlement). Each Settlement Class Member shall be allocated a share of the settlement amount based upon the amount of accrued vacation that he or she allegedly lost. As an IWPCA Class Member (*i.e.*, an individual who meets the Class definition), you will receive an amount equal to 100% of the value of your forfeited accrued vacation time plus statutory interest. The exact amount of money that you will get can be found on line at www.[Class Counsel Web Address] with the other important settlement papers and pleadings from the lawsuit.

**How do I receive a Settlement Payment?**

26

As a IWPCA Class Member, you will **automatically** receive your share of the settlement, **unless** you exclude yourself from the Settlement.

**Am I required to participate in the Settlement?**

As a IWPCA Class Member, you have the right to exclude yourself from the lawsuit and "opt-out" of the settlement if you comply with the opt-out procedure stated below. If you exclude yourself, you will not receive any payment from the Settlement Fund.

To effectively opt-out, you must mail to the Class Counsel a written statement expressing your desire to be excluded from the Settlement in *Barker, et al v. Septran, Inc.* no later than _____ ("Request for Exclusion"). **The "opt-out" statement must be postmarked no later than _____ to be effective.** Your written statement must state: "I affirm that I was employed by Septran and I request to be excluded from the IWPCA class settlement in *Barker, et al. v. Septran, Inc.* (Case No. 15-cv-09270) (U.S. District Court for the Northern District of Illinois, Eastern Division)." You must also include your full name, address, and telephone number, and he or she must personally sign the letter.

**If you opt-out of the Settlement you will not recover any money as part of this Settlement.** You may, however, pursue other legal remedies apart from the Settlement that may be available to you. Neither Plaintiffs nor Defendant nor their counsel make any representations to you regarding what, if any, legal remedies are available to you should you choose to opt-out. **YOU SHOULD NOT OPT-OUT IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT.**

You must mail copies of the "opt-out" statement to Class Counsel at the addresses listed below.

**Class Counsel**

David Fish
Kimberly Hilton
The Fish Law Firm, P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL 60563
(331) 425-7083 Direct
(630) 778-0400 Facsimile

**What is the Fairness Hearing and do I need to attend?**

The purpose of the Fairness Hearing in this case is to determine whether the proposed Settlement of the litigation is fair, reasonable, and adequate, and whether the proposed Settlement should be finally approved by the Court and the Litigation dismissed. **Any Class Member who is satisfied with the proposed Settlement does not have to appear at the Fairness Hearing.**

Any person who has not validly and timely opted-out of the Settlement, but who objects to the proposed Settlement, may appear in person or through counsel at the Fairness Hearing and be heard as to why the Settlement should not be approved as fair, reasonable, and adequate, or why a

final judgment should or should not be entered dismissing the litigation with prejudice. No attorneys' fees will be paid by Defendant to an objector's counsel for any work related to an objection to this Settlement. If you choose to object to the Settlement, you must on or before _____, mail your written objection to Class Counsel and Defendant Counsel. The objection must set forth, in clear and concise terms, the legal and factual arguments supporting the objection. Your written objection must also include (a) your full name, address, and, telephone number, (b) dates of your employment with Defendant; (c) copies of papers, briefs, or other documents upon which the objection is based, (d) a list of all persons who will be called to testify in support of your objection, and (e) your signature, even if you are represented by counsel. Settlement Class members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the Settlement.

If you file an objection and wish it to be considered, you must also appear at hearing on [INSERT DATE], at [INSERT TIME], at the federal courthouse at 219 South Dearborn Street in Chicago, Illinois, Courtroom 2119, at which time the presiding judge in this case (Judge Chang) will consider whether to grant final approval of this Settlement. YOU ARE NOT REQUIRED TO ATTEND THIS HEARING UNLESS YOU PLAN TO OBJECT TO THE SETTLEMENT. Please note that it is not sufficient to simply state that you object. You must state reasons why you believe the Settlement should not be approved.

**When is the Court hearing to determine if the Settlement is fair?**

The Fairness Hearing will be held before the Honorable Judge Chang on _____, 2016 at _____ _.m. in Courtroom 2119 of the United States District Courthouse located at 219 South Dearborn Avenue, Chicago, Illinois 60604. The Fairness Hearing may be adjourned from time to time as the Court may direct, without further notification.

If you are a member of the Settlement Class, you will be bound by the proposed Settlement if it is approved, unless you opt-out by making a timely Request for Exclusion as described above.

**What rights am I giving up if I participate in the Settlement?**

As a IWPCA Class Members, if you do not opt out of the Settlement you will release and discharge on behalf of yourself and each of your heirs, representatives, successors, assigns, and attorneys, and shall be deemed to release and forever discharge all claims raised in the litigation for your vacation pay. You may hereafter discover facts in addition to or different from those you now know or believe to be true with respect to the subject matter of the Released Wage Claims. However, on Final Approval (and to the extent provided for in this paragraph), you shall be deemed to have, and by operation of the Final Judgment fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts which are released by this Agreement.

**How are the lawyers for the Settlement Class Paid?**

Subject to Court approval, Class Counsel will receive $45,000, as approved by the Court, for attorneys' fees and reasonable costs incurred or that will be incurred in this litigation through final approval of the Settlement as set forth in the Settlement Agreement. Such payment to Class Counsel is in addition to the Settlement Payments to Class Members and therefore will not reduce the amount of your Settlement Payment.

**What if the Court does not approve the Settlement?**

If the Court does not approve the settlement, the case will proceed as if no settlement had been attempted, and there can be no assurance that you will recover more than is provided for in the Settlement, or indeed, anything.

**Can I review a copy of the Settlement Agreement or other papers that were filed with the Court?**

Yes, for a detailed statement of the matters involved in the litigation and the proposed Settlement, you may review the pleadings and other papers filed in the litigation, which may be inspected at the Office of the Clerk of the United States District Court, 219 S. Dearborn St., Chicago, Illinois, 60604, during regular business hours of each court day. In addition, you may also contact Class Counsel to review copies of the settlement papers filed with the Court or view them on the Internet at www.[Class Counsel Address]. All inquiries by Settlement Class members about the Settlement should be directed to Class Counsel.

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT OR THE JUDGE WITH INQUIRIES ABOUT THIS SETTLEMENT.**

Dated: _____

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

_____
Judge Edmond E. Chang

**EXHIBIT D**
**PROPOSED ORDER OF PRELIMINARY APPROVAL**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SANDRA BARKER and PENELOPE GARCIA, on behalf of themselves and all other plaintiffs similarly situated known and unknown | |
| Plaintiffs, | Case No.: 15-cv-09270 |
| v. | Judge: Edmond E. Chang |
| SEPTRAN, INC., | Magistrate Judge: Jeffrey Cole |
| Defendant. | |

**ORDER PRELIMINARILY APPROVING**
**SETTLEMENT AND REGARDING NOTICE**

The parties have applied, pursuant to Rule 23(e), Fed. R. Civ. P., for an order approving settlement of the claims alleged in the Lawsuit, in accordance with a Class Action Settlement Agreement (the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the claims against Defendant and for dismissal of the Lawsuit against Defendant upon the terms and conditions set forth therein, and the Court has read and considered the Agreement and the exhibits annexed thereto. IT IS HEREBY ORDERED:

1.      The Court hereby preliminarily approves the settlement set forth in the Agreement as being fair, reasonable and adequate, and in the best interest of Plaintiffs and those persons that are identified on exhibit B to the Agreement (the "Class Members").

30

2.      The Settlement Hearing shall be held before this Court at

_____ __.m. on _____, 2016, at the United States District

Court, Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604, to

determine finally whether the proposed settlement of the Lawsuit on the terms and conditions

provided for in the Agreement is fair, reasonable, adequate, and in the best interest of the

Settlement Class, and should be approved by the Court; whether an Order and Final Judgment of

Dismissal, should be entered; and to determine the amount of attorneys' fees, costs and expenses

that should be awarded Class Counsel.

3.      The Court approves, as to form and content, the Class Notice that is attached to the

Agreement as it complies fully with the requirements of Rule 23 of the Federal Rules of Civil

Procedure, the Constitution of the United States and any other applicable laws.

4.      With regard to distribution of the Settlement Notice, Class Counsel are hereby directed

and authorized to effectuate notice as called for in the Agreement.

5.      Any Class Member wishing to oppose or contest the approval of the Agreement, the

judgment to be entered thereon if the same is approved, or the attorneys' fees, costs, and

expenses requested by Class Counsel must comply with the procedures set forth in the Class

Notice.  Any Settlement Class Member who has served and filed an Objection as set forth therein

may appear at the Settlement Hearing and show cause to the Court, if he or she has any, why the

proposed settlement of the Lawsuit should or should not be approved as fair, reasonable, and

adequate, or why a judgment should or should not be entered thereon or why the requested

attorneys' fees, costs, and expenses should not be awarded as requested. Any Settlement Class

Member who does not make an objection in the manner provided herein shall be deemed to have

waived such objection and shall be foreclosed from making any objection to the fairness,

31

adequacy, or reasonableness of the proposed settlement, or the application for attorneys' fees, costs, and expenses to Class Counsel.

IT IS SO ORDERED this ___ day of 2016

                              UNITED STATES DISTRICT JUDGE


                              _____

**EXHIBIT E**
**FLSA OPT-IN PLAINTIFFS' GENERAL RELEASE**

Named Plaintiffs Penelope Garcia and Sandra Barker, and other FLSA Opt-in Plaintiffs, Robin Crouther, Nichelle Mack, Tori Sherill, Catrina Davis, and their heirs, representatives, successors, and assigns, ("Plaintiffs"), in connection with and as part of the settlement of the matter entitled *Barker, et al v. Septran, Inc.* (Case No. 15-cv-09270), pending in the United States District Court for the Northern District of Illinois (the "Class Action"), agree that:

1. <u>Consideration</u>. This General Release is provided in consideration for the payments to the Named Plaintiffs and FLSA Opt-In Plaintiffs specified in Paragraph 1.a. of the Settlement Agreement approved by the Court and executed by the Parties in connection with the Class Action. Should any Named Plaintiff or Opt-In Plaintiff fail to sign this General Release or any other agreed upon Release, then that Plaintiff shall have no right to receive the payments provided by Paragraph 1.a. of the Settlement Agreement.

2. <u>General Release of All Wage Claims</u>. Upon payment of all sums due them under the Settlement Agreement, Named Plaintiffs and FLSA Opt-In Plaintiffs, on behalf of themselves and their heirs, representatives, successors, assigns, and attorneys, hereby release and discharge the Released Parties (as such term is defined in the Settlement Agreement) from any actions, claims, charges, demands, liabilities, obligations, fees, debts, dues, interest, liquidated damages, penalties, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, judgments, or suits of any kind, whether known or unknown, which Plaintiffs have, have had, or may have arising from their employment with Septran, Inc. relating to the payment of wages to them. This Release only becomes effective upon the Court granting final approval of the parties' settlement and the funds required pursuant to the settlement being timely paid.

3. <u>Governing Law and Interpretation</u>. This General Release shall be governed and conformed in accordance with the laws of the State of Illinois without regard to its conflict of laws provision. Should any provision of this General Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision will be null and void, leaving the remainder of this General Release in full force and effect.

4. <u>Non-admission of Wrongdoing</u>. The Parties agree that neither this General Release nor the furnishing of the consideration for this General Release shall be deemed or construed at any time for any purpose as an admission by Released Parties of wrongdoing or evidence of any liability or unlawful conduct of any kind.

5. <u>Amendment</u>. This General Release may not be modified, altered or changed except in writing and signed by representatives of both Plaintiffs and Defendant wherein specific reference is made to this General Release.

Name:_____

Date:_____

Signature:_____

33